## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, et al.,[1]<br><br>     Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as<br>Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*,<br><br>     Plaintiff,<br><br>vs.<br><br>DETROIT PISTONS BASKETBALL COMPANY,<br><br>     Defendant. | Adv. Proc. No. 22-_____ (___) |

## COMPLAINT FOR AVOIDANCE AND RECOVERY
## OF PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. §§ 547 & 550

    Plaintiff, Alfred T. Giuliano in his capacity as chapter 7 trustee of Art Van Furniture, LLC, *et al.* (the "**Plaintiff**"), for the estates of the above-captioned debtors (the "**Debtors**") in the above-captioned cases pending under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), by and through his undersigned counsel, as and for his *Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 & 550* (the "**Complaint**") against the above-captioned defendant (the "**Defendant**"), alleges as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of. Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

## THE PARTIES

1.      On March 8, 2020, each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors' cases are jointly administered for administrative purposes only.

2.      On April 6, 2020, the Court entered an order [D.I. 263] converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. On April 7, 2020, Alfred T. Giuliano was appointed as the chapter 7 trustee of the Debtors [D.I. 264]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

3.      Defendant is a corporation formed under the laws of the State of Michigan with its principal office address at 6201 Second Avenue, Detroit, Michigan.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

5.      This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6.      Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8.      This adversary proceeding is initiated pursuant to Rule 7001(1) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 547 and 550 of

the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the

Debtors to the Defendant 90 days prior to the Petition Date.

## FACTS

9.      Prior to the Conversion Date, the Debtors offered customers a wide array of

home furnishings under several well-known brands, including Art Van Furniture, Pure Sleep,

Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture.

10.     Prior to the Petition Date, the Debtors made certain payments to Defendant

for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by

Defendant to the Debtors, including but not limited to, the transactions between the parties

identified on **Exhibit A** attached hereto.

11.     During the ninety (90) days prior to the Petition Date, the Debtors as

identified herein with particularity, made payments to or for the benefit of the Defendant,

including but not limited to those payments identified on **Exhibit A** attached hereto (collectively,

the "**Transfers**").  **Exhibit A** sets forth the details of each of the Transfers, including the check or

payment number, payment date, payment amount, invoice number, invoice date, and invoice

amount.  The aggregate amount of the Transfers is not less than $257,500.00.

12.     Although it is possible that some Transfers might be subject in whole or in

part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to

11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).  On or about March 25, 2021 and thereafter, Plaintiff, through counsel, sent one or more demand letters (the "**Demand Letter**") to Defendant, seeking a return of the Transfer(s).  The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code, and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.  Plaintiff also performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing his own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that he may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

13.    Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

14.    Within the ninety days prior to the Petition Date, the Debtors as identified made the Transfers to Defendant in the total amount of $257,500.00, as more specifically described in **Exhibit A**.

15.    Each of the Transfers to the Defendant was a transfer of property of the Debtors.

16.    Each of the Transfers to the Defendant was made to or for the benefit of the Defendant in payment of product or services previously ordered and rendered by Defendant.

17.     The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

18.     Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.  This debt was typically referenced in an invoice and/or purchase order exchanged between the parties.

19.     Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

20.     Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if:  (i) the Debtors' case was a case under chapter 7 of the Bankruptcy Code; (ii) if the transfers and/or payments had not been made, and (iii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

21.     As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

22.     The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property -- 11 U.S.C. § 550)

23.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

24.     As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

25.     As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547.  As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.     For a determination that the Transfers are avoidable preferential transfers under 11 U.S.C. § 547, as applicable, and that the Plaintiff is entitled to recover each of the Transfers, or the value thereof, under 11 U.S.C. § 550 of the Bankruptcy Code;

b.     Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

          c.        For such other and further relief as the Court may deem just and proper.

Dated:  March 1, 2022                **PACHULSKI STANG ZIEHL & JONES LLP**

                            */s/ Peter J. Keane*

                            Bradford J. Sandler (DE Bar No. 4142)
                            Andrew W. Caine (CA Bar No. 110345)
                            Jeffrey P. Nolan (CA Bar No. 158923)
                            Peter J. Keane (DE Bar No. 5503)
                            919 North Market Street, 17th Floor
                            P.O. Box 8705
                            Wilmington, Delaware 19899-8705 (Courier 19801)
                            Telephone: (302) 652-4100
                            Facsimile:  (302) 652-4400
                            Email:    bsandler@pszjlaw.com
                                          acaine@pszjlaw.com
                                        jnolan@pszjlaw.com
                                        pkeane@pszjlaw.com

                            *Counsel to Plaintiff, Alfred T. Giuliano, Chapter 7*
                            *Trustee for the Estates of Art Van Furniture, LLC, et al.*